Per Curiam.
Applicant passed the February 2000 New York State bar exam and the State Board of Law Examiners certified him for admission to this Court (see 22 NYCRR 520.7). The Committee on Character and Fitness investigated his application for admission, including interviews of applicant and a formal hearing in August 2007 (see 22 NYCRR 805.1).
Applicant, who is 41 years old, suffers from serious alcohol and chemical dependencies, including illegal narcotics, which have adversely affected him since his teenage years. Although he has completed many treatment programs, it is only during the past few years that he has been successfully addressing his problems.
We have considered applicant’s criminal record and his disciplinary record in Colorado, where he was admitted to the bar in 1994. Applicant was suspended from practice in Colorado in 1999 for a period of 18 months, primarily for neglect of client cases. He was reinstated in 2001, but went on disability inactive status in 2002. In April 2005, he was reinstated to active status in Colorado, with conditions in effect for five years designed to ensure his sobriety and continued capacity to practice law in that jurisdiction.
Upon our review of the application, we conclude that applicant does not presently possess the character and general fitness requisite for an attorney and counselor-at-law (see Judiciary Law § 90 [1] [a]). Nevertheless, in consideration of his commendable efforts at rehabilitation, we deny his application for admission without prejudice to renewal upon his submission of proof of unconditional reinstatement to practice in Colorado.
Cardona, EJ., Peters, Spain, Rose and Lahtinen, JJ., concur. Ordered that the application for admission is denied without prejudice to renewal upon submission of proof of unconditional reinstatement to practice in Colorado.